**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XIANGXING HE, | No. 4:26-CV-00546 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| JESSICA SAGE, *et al.*, | |
| Respondents. | |

**MEMORANDUM OPINION**

**APRIL 17, 2026**

## I.    BACKGROUND

Xiangxing He filed this 28 U.S.C. § 2241 petition alleging that his continued

civil detention by the United States Department of Homeland Security, Immigration

and Customs Enforcement ("ICE") violates his due process rights under the Fifth

Amendment to the United States Constitution.[1] Specifically, He alleges that his

detainment now exceeds a presumptively reasonable duration of six months, and he

is therefore entitled to release from custody.[2]

He is a citizen and native of the People's Republic of China who entered the

United States of America in 1999.[3] An immigration judge in 2000 issued a final

order of removal, and He's subsequent attempts to gain legal status within the United

---

[1]    Doc. 6.
[2]    *Id.*
[3]    Doc. 7-2 at 2.

States have failed.[4] He is now married to a United States citizen and has three children, all of whom are United States citizens.[5] On July 5, 2025, He was arrested and has remained in ICE custody since that date.[6] He is currently detained at the Federal Correctional Institution, Lewisburg, located within the Middle District of Pennsylvania.[7]

In March 2026 He filed this 28 U.S.C. § 2241 petition arguing that his continued detention violates the Due Process Clause of the United States Constitution.[8] He avers that he has now been detained in excess of seven months since his removal period began and there is no reasonably foreseeable possibility of removal and, as a result, he must be released from custody.[9]

The Government responds that, although He has been detained in excess of six months, he has not demonstrated that he will not be removed in the reasonably foreseeable future.[10] To the contrary, the Government asserts that China has verified He's nationality, meaning his removal is likely in the foreseeable future.[11] Accordingly, the Government asserts, He is not entitled to release, and his petition should be denied.[12]

---

[4]    *Id.*
[5]    Doc. 6 at 5-6.
[6]    *Id.* at 6-7; *see* Doc. 7-2 at 2.
[7]    Doc. 6 at 7.
[8]    Doc. 6.
[9]    *Id.* at 12.
[10]   Doc. 7 at 6-8.
[11]   *Id.* at 7-8.
[12]   *Id.* at 8.

He has not filed a reply brief and the time to do so has now lapsed, rendering this matter ripe for disposition. For the reasons discussed below, the petition will be denied.

## II.   DISCUSSION

He brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[13] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[14] He's claims are therefore properly brought in this petition.

He is being detained under the post-removal detention provision of the Immigration and Nationality Act which states, in relevant part, that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[15] During the removal period "the Attorney General shall detain the

---

[13]   28 U.S.C. § 2241(c)(2).
[14]   *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
[15]   8 U.S.C. § 1231(a)(1)(A).

alien."[16] The statute further provides that most individuals "may be detained beyond the removal period."[17]

However, authorizing unlimited detention presents constitutional concerns and, accordingly, in *Zadvydas v. Davis*,[18] the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."[19] The Supreme Court further held that detention of up to six months is presumptively reasonable.[20]

The expiration of that six-month period "does not mean that every alien not removed must be released."[21] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."[22] Consequently, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[23]

He's petition fails because he does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. He

---

[16]   *Id.* § (a)(2)(A).
[17]   *Id.* § (a)(6).
[18]   533 U.S. 678 (2001).
[19]   *Id.* at 682.
[20]   *Id.* at 701.
[21]   *Id.*
[22]   *Id.*
[23]   *Id.*

4

asserts only that ICE is in the process of obtaining He's travel documents and "China is taking a long time to present documentation for American detainees."[24] The Government, in contrast, has provided a declaration that acknowledges it is waiting for travel documents from China to effectuate He's removal, but that China has verified He's nationality and, consequently, "his removal is significantly likely in the reasonably foreseeable future."[25]

He has failed to sustain his burden in this matter, and the Court cannot conclude that He's continued detention violates his due process rights or the implicit reasonable detention time limits contained in 8 U.S.C. § 1231(a). Accordingly, his petition will be denied.

## III.   CONCLUSION

For the foregoing reasons, He's 28 U.S.C. § 2241 petition will be denied without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24]   Doc. 6 at 12.
[25]   Doc. 7-3 at 4.